IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CELISA FORD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-17-204 |
| DANIELLE SHIELDS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

This case involves a Temporary Peace Order[1] issued by the District Court of Maryland for Baltimore County on January 17, 2017 upon the petition of plaintiff Celisa Ford ("Ford") against defendant Danielle Shields. (ECF No. 2.) The Temporary Peace Order prohibited Shields from contacting, threatening, or entering the residence of Ford. (*Id.* at 1.) A Final Peace Order Hearing was scheduled for January 25, 2017. (*Id.*) Following the intervention of the Office of the United States Attorney for the District of Maryland ("USAO") and a hearing conducted on January 26, 2017, the District Court of Maryland dismissed Ford's Petition for a Final Peace Order on January 26, 2017. (ECF No. 9.)

The USAO filed a Notice of Removal from the District Court of Maryland on January 23, 2017, invoking this Court's jurisdiction over federal employees pursuant to 28 U.S.C. § 1442. (ECF No. 1 at ¶ 5.) Section 1442 provides, in pertinent part, that:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the

---

[1] The District Court of Maryland utilizes the term "Peace Order" for what is commonly referred to as a "restraining order.") *See* ECF No. 2.

district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office…

28 U.S.C. § 1442(a)-(a)(1).[2]

The record in this case reflects that (1) Shields was a federal employee who (2) served as Ford's supervisor at the Field Office of the Social Security Administration ("SSA") in Baltimore, Maryland (ECF No. 10 at 1), and (3) that Ford and Shields had a troubled workplace relationship (ECF No. 2 at 4). However, it does not appear that the Peace Order petition against Shields targeted Shields for acts committed under color of her office. 28 U.S.C. § 1441(a)(1). While the petition refers to the fact that Shields was a "Supervisor at SSA," the petition alleges that Shields improperly approached (1) Ford's daughter and (2) an employee of a nail salon which Ford frequented at locations outside of the workplace in order to harass and/or malign Ford. (ECF No. 2 at 4.) Neither of these allegedly improper acts occurred at the SSA office or any other federal government facility. Nor were the allegedly improper acts committed under color of Shields' position as an employee of SSA.

This conclusion is reinforced by the sequence of the underlying events in this case. While the dates of Shields' allegedly improper acts are not specified in the petition, Shields' Motion to Dismiss indicates that Ford "went on extended leave" from her position at SSA on October 31, 2016. (ECF No. 10 at 2.) From that date, "Shields' sole contact with [Ford] has been regarding

---

[2] No motion to remand has been filed in this case. However, it is well established that this Court may remand a case for lack of subject matter jurisdiction *sua sponte*. *Grafton v. Lourenco*, BPG-15-928, 2015 WL 7273152, at *2 (D. Md. Nov. 18, 2015) (quoting Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998)).

the reasonable accommodation process." (*Id.*) Ford filed the petition for Peace Order on January 17, 2017. (ECF No. 2.) Ford resigned from her position on January 19, 2017. (ECF No. 10 at 2-3.) The USAO filed its notice of removal on January 23, 2017. (ECF No. 1.) Thus, by the date on which the USAO invoked this Court's jurisdiction under 28 U.S.C. § 1442, there was no reason to expect that Ford and Shields would be in contact for reasons related to Shields' federal employment.

As the Peace Order action in the District Court of Maryland does not target Shields for acts committed under color of her office, defendant's Removal based on 28 U.S.C. § 1441(a)(1) was improper, and this Court is without subject matter jurisdiction over the instant case.[3] The action will be REMANDED to the District Court of Maryland for Baltimore County.[4]

Accordingly, it is this 23rd day of March, 2017, hereby ORDERED that:

1. This case is REMANDED to the District Court of Maryland for Baltimore County;

2. The Clerk of Court shall transmit copies of this Memorandum Opinion to the parties;

3. The Clerk of Court shall CLOSE THIS CASE.

                                        /s/
                                        Richard D. Bennett
                                        United States District Judge

---

[3] The alternate bases for this Court's jurisdiction asserted in the Notice of Removal, 28 U.S.C. §§ 1346 and 2679, are inapposite as the Peace Order petition is not an action against the United States and does not seek relief from the United States.

[4] In remanding this case to the District Court of Maryland for Baltimore County, this Court offers no instruction to that Court as to how it should address the Petition which, it appears, that court already dismissed on January 26, 2017. (ECF No. 9.) That court shall be apprised, however, that this action is no longer pending in the United States District Court for the District of Maryland.